**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION**

| | | |
|---|---|---|
| ROBERT STREIT, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Case No.: 1:22-cv-4531 |
| | ) | |
| AAA INSURANCE MEMBER SELECT | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| *Defendant*. | ) | |

**DEFENDANT MEMBERSELECT INSURANCE COMPANY'S
MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

NOW COMES the Defendant, MemberSelect Insurance Company ("MSIC") (erroneously sued as AAA Insurance Member Select Insurance Company), by and through its undersigned counsel, and for its Memorandum of Law in Support of Motion to Dismiss the Complaint of the Plaintiff, Robert Streit ("Streit"), in its entirety, with prejudice, pursuant to Federal Rule of Civil Procedure 12(b)(5), states as follows:

**I.     INTRODUCTION**

The undisputed facts of record demonstrate that Streit took no action to serve his complaint related to an alleged July 2017 property loss for more than three and a half years. The complaint was originally filed on October 12, 2018, amended before service on July 18, 2022 and the amended complaint was finally served on July 28, 2022. Based on this record, it is clear that Streit failed to exercise any diligence in serving the complaint and pursuing his insurance coverage claims against MSIC during the extended period from October 2018 to July 2022, warranting dismissal with prejudice under Illinois Supreme Court Rule 103(b).

## II.     THE MSIC POLICY

MemberSelect Insurance Company issued a Homeowners Insurance Policy to Robert Streit, policy no. HOM017817846, effective November 23, 2016 to November 23, 2017 (the "Policy").[1]  The Policy included dwelling coverage for the property located at 9610 W. Shore Drive, Oak Lawn, Illinois 60453 (the "Property") with dwelling coverage limits of $528,200.[2]  The Policy provided, in relevant part, as follows:

> **CONDITIONS APPLYING TO PART 1** [Property Insurance]
>
> ***
>
> **11.     Suit Against Us**
>
> **We** may not be sued unless there is full compliance with all the terms of this policy.  Suit must be brought within one year after the loss or damage occurs.
>
> However, this one year period is extended by the number of days between the day proof of loss is submitted and the date the claim is denied in whole or in part.[3]
>
> *          *          *

## III.     THE CLAIM AND MSIC COVERAGE DETERMINATION

On August 28, 2017, Streit submitted a property damage insurance claim to MSIC through insurance broker Assured Partners of IL d/b/a TA Cummings.[4]  On September 1, 2017, MSIC MSIC inspected the Property.[5]

On October 5, 2017, MSIC issued a coverage determination letter to Streit, accepting partial coverage and agreeing to pay $2,635.00 to resolve portions of the claim that met the

---

[1] *See*, affidavit of John Hayes attached hereto as Exhibit 1, and a copy of the Policy attached as Exhibit 1-A thereto.
[2] Ex. 1-A, Declarations.
[3] Ex. 1-A, p. 19 of 43.
[4] Ex. 1, ¶ 6.
[5] *Id.*, ¶ 7.

conditions of coverage (the "October 5, 2017 Original Partial Denial Letter"), but denying coverage for any claimed chimney damage.[6]  The October 5, 2017 Original Partial Denial Letter stated, in part, that the homeowners policy only "provides limited coverage for the removal of the tree from your property."[7]  The $2,635.00 payment included $500 for tree removal plus repair to a light fixture and planter at the Property.[8]

On October 9, 2017, Streit requested that MSIC have an engineer inspect the Property's chimney for covered damage from the same loss event.[9]  Pursuant to Streit's request, but without withdrawing its initial coverage position, MSIC retained EFI Global Engineering ("EFI") to inspect the chimney and prepare an evaluation report.[10]  After EFI completed its investigation, EFI prepared an evaluation report for MSIC dated January 26, 2018.[11]

On January 31, 2018, MSIC issued a second coverage determination letter to Streit, dated January 29, 2018 (the "January 29, 2018 Partial Denial Reaffirmation Letter"), stating, in part, as follows: "[MSIC] must respectfully partially deny the claim you have presented for tree damage to your dwelling", which included the alleged chimney damage.[12] [13]  The January 29, 2018 Denial Reaffirmation Letter recited the conclusions in the EFI evaluation report, which found no damage to the chimney due to impact from the fallen tree.[14]  The January 29, 2018 Denial Reaffirmation

---

[6] A copy of the October 5, 2017 Original Partial Denial Letter is attached as Exhibit 1-B to the Affidavit of John Hayes, attached to this motion as Exhibit 1.
[7] Ex. 1, ¶ 9; Ex. 1-B.
[8] Ex. 1, ¶ 9.
[9] *Id*., ¶ 10.
[10] *Id.*
[11] Ex. 1, ¶ 10; *also see*, the EFI report attached as Exhibit 1-C to Exhibit 1 to this motion, at p. 1.
[12] Ex. 1, ¶ 11; *also see*, a copy of the January 29, 2018 Partial Denial Reaffirmation Letter is attached as Exhibit 1-D to Exhibit 1 to this motion.
[13] Ex. 1, ¶ 11.
[14] Ex. 1-D, p. 1.

Letter also quoted the policy's time limitation of actions "Suit Against Us" Condition and advised that Streit had until October 13, 2018 to file suit.[15]

## IV.     FILING AND SERVICE OF THE COMPLAINT

On October 12, 2018, Streit filed his original complaint in the Illinois state court case of *Robert Streit v. AAA Insurance Member Select Insurance Company*, Circuit Court of Cook County, Illinois, Case No. 20185007588 (the "Streit state court case") (the original complaint referred to as the "Original Complaint").[16]

Streit never served the Original Complaint on MSIC after filing in October 2018. On July 9, 2021, Streit filed a "Motion to Issue Alias Summons" in the Streit state court case, acknowledging as follows: "1. The plaintiff filed their complaint on or around October 12, 2018 *** 2. The defendant was never served on this matter."[17]

Thereafter, there was no activity in the Streit state court case from the time Streit filed his Motion to Issue Alias Summons on July 9, 2021 until June 17, 2022 – when he filed a "Motion to File Amended Complaint."[18] On July 18, 2022, Streit filed an Amended Complaint in the Streit state court case, adding a "Bad Faith" count.[19] On July 28, 2022, ten days after Streit filed the Amended Complaint, Streit requested an alias summons for the first time ever after filing the lawsuit.[20]

---

[15] *Id.*, pp. 3-4.
[16] A copy of the Original Complaint is attached to this motion as Exhibit 2.
[17] A copy of Streit's Motion to Issue Alias Summons, filed on July 9, 2021, is attached to this motion as Exhibit 3.
[18] A copy of the public Circuit Court of Cook County docket for the Streit state court case is attached hereto as Exhibit 4. Accessed Aug. 22, 2022. A copy of Streit's "Motion to Filed Amended Complaint" is attached hereto as Exhibit 5.
[19] A copy of the Amended Complaint filed in the Streit state court case (the "Amended Complaint") is attached as Exhibit A to MSIC's Notice of Removal. *See* Doc. 1-1.
[20] A copy of Streit's issued alias summons is attached hereto as Exhibit 6.

The Amended Complaint alleges that on November 26, 2016, Streit acquired a MemberSelect homeowners insurance policy for his home in Oak Lawn, Illinois.[21] The Amended Complaint also alleges that "[o]n or about July 31, 2017, Plaintiff's property was damaged due to surrounding trees collapsing on Plaintiff's roof, through no fault of his own."[22]

The Amended Complaint further alleges that MSIC continues to "delay" and "refuses" to pay policy proceeds due under the MSIC homeowners policy in order to repair Streit's home.[23] The Amended Complaint brings two counts: Count I – Breach of Contract – for MSIC's alleged delay and refusal and to pay policy proceeds owed; and Count II – Bad Faith Insurance Practices under 215 ILCS 5/154.6 for "improper claims practices," including "unreasonably refusing to pay."[24]

On July 29, 2022, MSIC was served for the first time in the Streit state court case and with the Amended Complaint.[25] On August 26, 2022, MSIC timely removed the Amended Complaint to the Northern District of Illinois pursuant to diversity jurisdiction.[26]

## V.    RULE 12(B)(5) DISMISSAL STANDARD – ILLINOIS SUPREME COURT RULE 103(B) REQUIRING REASONABLE DILIGENCE TO OBTAIN SERVICE

Under Rule 12(b)(5), a defendant may move to dismiss a complaint based on insufficient process. *Cardenas v. City of Chicago*, 646 F.3d 1001, 1004 (7th Cir. 2011). "In making its determinations on a Rule 12(b)(5) motion, a court may consider affidavits and other documentary evidence." *Paulsen v. Abbott Laboratories*, 2018 WL 1508532, at *5 (N.D. Ill. Mar. 27, 2018).

---

[21] Doc. 1-A, ¶¶ 6-8.
[22] Doc. 1-A, ¶ 11.
[23] Doc. 1-A, ¶ 15.
[24] Doc. 1-A, Counts I & II, pp. 3-4.
[25] A copy of the proof of service of process on MSIC's agent is attached as Exhibit 1-E to Exhibit 1 to this motion.
[26] Doc. 1.

Where a defendant has removed an Illinois state court action to federal court, Illinois Supreme Court Rule 103(b) applies to determine if the defendant was timely served before removal. *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 (7th Cir. 2001) (applying Illinois Supreme Court Rule 103(b) and finding plaintiff not diligent); *Montgomery v. Vill. of Phoenix, Illinois*, 2022 WL 865820, at \*2 (N.D. Ill. Mar. 23, 2022) (granting Rule 12(b)(5) motion to dismiss with prejudice due to lack of service under Illinois Supreme Court Rule 103(b) where plaintiff took nearly eight months to serve defendants); *Tidwell v. Exxon Mobil Corp.*, 2022 WL 345082, at \*2 (N.D. Ill. Feb. 4, 2022) (granting Rule 12(b)(5) motion to dismiss with prejudice due to lack of service under Illinois Supreme Court Rule 103(b) where plaintiff took five months to serve defendant).

In the *Laurent* decision, the Central District noted "[t]he Seventh Circuit has concluded that federal courts should apply state procedural rules to pre-removal conduct, and thus a federal court sitting in Illinois should consider Illinois Supreme Court Rule 103(b) in determining timeliness of service of process, where service of process occurred prior to removal." *Laurent v. Time Ins. Co.*, 2012 WL 1598121, at \*2 (C.D. Ill. Apr. 16, 2012) (granting Rule 12(b)(5) motion to dismiss with prejudice based on plaintiff's failure to exercise reasonable diligence in obtaining service of process after her health insurance policy's three-year statute of limitations had run).

"The purpose of the rule [Illinois Supreme Court Rule 103(b)] is to protect defendants from unnecessary and intentional delays in the service of process, to safeguard against any evasions of limitations which would undermine the statutes, and to promote the expeditious handling of suits." *People ex rel. Margetich v. McCarroll*, 97 Ill. App. 3d 502, 504 (3d Dist. 1981). Illinois Supreme Court Rule 103(b) provides as follows:

   **(b) Dismissal for Lack of Diligence.** If the plaintiff fails to exercise reasonable diligence to obtain service on a defendant prior to the expiration of the applicable

statute of limitations, the action as to that defendant may be dismissed without prejudice. ***If the failure to exercise reasonable diligence to obtain service on a defendant occurs after the expiration of the applicable statute of limitations, the dismissal shall be with prejudice*** as to that defendant only and shall not bar any claim against any other party based on vicarious liability for that dismissed defendant's conduct. The dismissal may be made on the application of any party or on the court's own motion. In considering the exercise of reasonable diligence, the court shall review the totality of the circumstances, including both lack of reasonable diligence in any previous case voluntarily dismissed or dismissed for want of prosecution, and the exercise of reasonable diligence in obtaining service in any case refiled under section 13-217 of the Code of Civil Procedure.

Ill. Sup. Ct. R. 103(b) (emphasis added).

## VI.    ARGUMENT

### A.    STREIT FAILED TO EXERCISE REASONABLE DILIGENCE TO OBTAIN SERVICE ON MSIC AFTER THE POLICY'S STATUTE OF LIMITATIONS RAN, WARRANTING DISMISSAL WITH PREJUDICE UNDER ILLINOIS SUPREME COURT 103(B)

#### 1.    *The Policy's "Suit Against Us" Condition serves as the applicable statute of limitations under Illinois Supreme Court Rule 103(b)*

Under Illinois law, an insurance policy's suit-limitations clause serves as the applicable statute of limitations for purposes of Illinois Supreme Court Rule 103(b). The decision in *Curtis v. Pekin Ins. Co.*, 105 Ill. App. 3d 561, 565 (4th Dist. 1982) is instructive. In *Curtis*, a fire loss occurred at the insured's home on February 5, 1979. *Curtis,* 105 Ill. App. 3d at 565. On April 2, 1979, plaintiff sued his fire policy insurer for the policy limits to repair his home. *Id*. "Then followed a 20-month period of almost complete inactivity." *Id*. at 563. The defendant was eventually served on December 10, 1980. *Id*.

The *Curtis* policy contained a standard 12-month, from the time of loss, limitation of actions clause. *Id*. at 564. Given the inexplicable 20 month delay in service, defendant filed a motion to dismiss for lack of diligence in obtaining service of process before the expiration of the applicable limitation period pursuant to Illinois Supreme Court Rule 103(b). *Id*. The trial court

granted the motion and dismissed plaintiff's case with prejudice, holding that plaintiff's lengthy failure to prosecute his insurance coverage case warranted complete dismissal. *Id.* at 563.

The Illinois Appellate Court affirmed the trial court and held that the 12-month limitation of actions clause in the policy *"is a statute of limitations for purposes of Supreme Court Rule 103(b)."* *Id.* (emphasis added). "It is clear that a holding that Supreme Court Rule 103(b) is inapplicable to the standard fire insurance policy limitation of actions clause would render such provisions a virtual nullity by enabling an insured to file suit within the 12-month period but delay service of process indefinitely." *Id.* at 565. The Court further reasoned that applying Illinois Supreme Court Rule 103(b) to the standard insurance policy limitation of actions clause "will prevent the possible circumvention of what is essentially a statutory limitation of actions provision[.]" *Id.*

Additionally, the Court in *Laurent* treated the health insurance policy's three-year suit-limitations provision as "the applicable statute of limitations" under Illinois Supreme Court Rule 103(b). *Laurent*, 2012 WL 1598121, at *4 (C.D. Ill. Apr. 16, 2012). Thus, the Policy's "Suit Against Us" Condition serves as the applicable statute of limitations under Illinois Supreme Court Rule 103(b).

Moreover, "[s]uit limitation provisions in insurance contracts are valid and enforceable under Illinois law, such that 'compliance with the suit limitation provision of the policy is a ***condition precedent*** to recovery under a policy.'" *Heatherwood Estates Condo Ass'n v. Nationwide Prop. & Cas. Ins. Co.*, 2021 WL 4264316, at *2 (N.D. Ill. Sept. 20, 2021) (applying condominium association suit limitation provision) (emphasis added) (quoting *Cramer v. Ins. Exch. Agency*, 174 Ill. 2d 513, 529 (1996)); *Williams v. Prudential Prop. & Cas. Ins. Co.*, 223 Ill.

App. 3d 654, 661 (2d Dist. 1992) (applying homeowner's property policy suit limitation provision).

Of note, "[t]he last sentence in [the MSIC Policy's] above provision [extending the one-year from the loss time period based on when the claim is denied in whole or in part] is based on and in compliance with section 143.1 of the Illinois Insurance Code." *Williams v. Prudential Prop. & Cas. Ins. Co.*, 223 Ill. App. 3d 654, 657 (2d Dist. 1992).[27]   Therefore, in this case, the Policy's "Suit Against Us" time Condition serves as the applicable statute of limitations for purposes of Illinois Supreme Court Rule 103(b).

### 2. *The Policy's statute of limitations ran in October 2018, approximately three-and-a-half years before Streit finally served MSIC*

The Policy's statute of limitations ran on October 13, 2018, as stated in the January 29, 2018 Partial Denial Reaffirmation Letter, under the "Suit Against Us" Condition.[28]   A property insurer's time reinvestigating a loss pursuant to an insured's request, after issuing an original denial but not withdrawing it, does not further toll the policy's one-year suit-limitations provision. *Vala v. Pac. Ins. Co., Ltd.*, 296 Ill. App. 3d 968, 972 (4th Dist. 1998) ("The period of time between plaintiff's receipt of defendant's denial and the reaffirmation of its denial does not constitute time that can be tolled").

The Policy's "Suit Against Us" Condition provides that the insured must file suit within one year after the damage occurs and the "one year period is extended by the number of days

---

[27] Illinois Insurance Code § 143.1 provides as follows:

> Periods of limitation tolled. Whenever any policy or contract for insurance, except life, accident and health, fidelity and surety, and ocean marine policies, contains a provision limiting the period within which the insured may bring suit, the running of such period is tolled from the date proof of loss is filed, in whatever form is required by the policy, until the date the claim is denied in whole or in part.

215 ILCS 5/143.1
[28] Ex. 1-D, p. 4.

between the day the proof of loss is submitted and the date the claim is denied in whole or in part."[29] The October 13, 2018 suit-limitations date includes the following calculation: one year from the October 5, 2017 Original Partial Denial Letter (tolling from the date Streit submitted the claim on August 28, 2017 up to October 5, 2017) plus four days of MSIC's extra analysis concerning the January 26, 2018 EFI Engineering Report through the January 29, 2018 Partial Denial Reaffirmation Letter, plus two additional days for when MSIC sent out the January 29, 2018 Partial Denial Reaffirmation Letter on January 31, 2018.[30]

Even accepting a theoretical tolling from the time Streit submitted the claim on August 28, 2017 through the time MSIC sent the January 29, 2018 Partial Denial Reaffirmation Letter on January 31, 2018, the Policy's statute of limitations still ran on January 31, 2019 – still approximately three-and-a-half years before service of the Streit state court case on July 29, 2022. Therefore, any potential tolling argument does not offer a defense to the woefully late service of the complaint in this case.

### 3. *Streit's inexplicable delay of three-and-a-half years after the Policy's statute ran does not constitute reasonable diligence*

Streit did not exercise reasonable diligence in serving MSIC after the December 29, 2018 statute of limitations ran, and cannot possibly meet his burden of establishing a satisfactory explanation of the delay, because he took over three-and-half years from the time the statute ran to serve MSIC. Under Illinois law, the plaintiff has the burden of showing reasonable diligence in service of process. *Laurent*, 2012 WL 1598121, at *3 (C.D. Ill. Apr. 16, 2012) (internal citations omitted). The plaintiff must give a "reasonable explanation" for any apparent lack of diligence.

---

[29] Ex. 1-A, p. 19 of 43.
[30] Ex. 1-D; Ex. 1, ¶ 11.

*Id.*  The court's inquiry in to whether the plaintiff has exercised reasonable diligence is an objective inquiry, rather than one based on a subjective test of plaintiff's intent.  *Id.*

"Once the defendant establishes that the time between the filing of the complaint and the date of service suggests a lack of diligence, the burden then shifts to the plaintiff to provide a satisfactory explanation for the delay in service."  *Wilder Chiropractic, Inc. v. State Farm Fire & Cas. Co.*, 2014 IL App (2d) 130781, ¶ 79 (four months unreasonable).  The Illinois Appellate Courts have consistently found delays in obtaining service much shorter than three-and-a-half years after the applicable statute of limitations as lacking diligence under Illinois Supreme Court Rule 103(b).  *See, e.g., Long v. Elborno*, 376 Ill. App. 3d 970, 979 (1st Dist. 2007) (seven months unreasonable); *Lewis v. Dillon*, 352 Ill. App. 3d 512, 514 (1st Dist. 2004) (five months unreasonable); *People ex rel. Margetich v. McCarroll*, 97 Ill. App. 3d 502, 504 (3d Dist. 1981) (27 months unreasonable).

Illinois courts consider a variety of non-exclusive factors to determine if a plaintiff has exercised "reasonable diligence" to obtain service, such as:

> (1) the length of time used to obtain service of process, (2) the activities of the plaintiff during that time period, (3) the plaintiff's knowledge of the defendant's location; (4) the ease with which the defendant's whereabouts could have been ascertained, (5) actual knowledge on the part of the defendant concerning the pendency of the action, (6) any special circumstances affecting the plaintiff's efforts at service, and (7) actual service on the defendant.

*Brown v. Fifth Third Bank*, 2012 WL 6680317, at *5 (N.D. Ill. Dec. 20, 2012).

In this case, Streit filed the "Original Complaint" on October 12, 2018.[31]  Streit never served the Original Complaint on MSIC.  On July 9, 2021, Streit filed a Motion to Issue Alias

---

[31] Ex. 2.

Summons in the Streit state court case, stating as follows: "1. The plaintiff filed their complaint on or around October 12, 2018 *** 2. The defendant was never served on this matter."[32]

On July 28, 2022, ten days after Streit filed the Amended Complaint, Streit issued an alias summons for the first time ever.[33] On July 29, 2022, MSIC was served for the first time in the Streit state court case with the Amended Complaint.[34]

All seven factors weigh against Streit based on these facts. An extraordinarily long and inexcusable amount of time - over three-and-a-half years - passed between the filing of the Original Complaint as well as the Policy's statute of limitations, and service (factors 1 and 7). Given Streit only requested one alias summons in nearly four years, Streit conducted essentially no service activity at all (factor 2).[35] Given MSIC was Streit's own insurance company and Streit's insurance broker submitted his insurance claim, Streit obviously knew how to contact and could have easily obtained any service related information he may have lacked (factors 3 and 4).[36] Due to the lack of service, MSIC did not have any knowledge of the Streit state court case before service on July 29, 2022 (factor 5). Last, MSIC respectfully submits that no possible explanation could realistically justify a near four-year delay in obtaining service (factor 6). Based on a review of the relevant factors, it is readily apparent that Streit did not exercise reasonable diligence to obtain service on MSIC, nor can Streit possibly meet his burden of establishing any satisfactory explanation for the delay.

---

[32] Ex. 3.
[33] Ex. 6.
[34] Ex. 1-E.
[35] Ex. 4.
[36] Ex. 1, ¶ 6.

**VII.    CONCLUSION**

The undisputed facts of record demonstrate that Streit took no action to serve his complaint related to an alleged July 2017 property loss for more than three and a half years.  Based on the record, it is clear that the Policy's statute of limitations condition ran in late 2018, and Streit failed to exercise reasonable diligence in obtaining service after the statute of limitations ran.  Illinois Supreme Court Rule 103(b) warrants dismissal with prejudice in this case.

WHEREFORE, the Defendant, MEMBERSELECT INSURANCE COMPANY (erroneously sued as AAA Insurance Member Select Insurance Company), respectfully prays that this Honorable Court grant its Motion to Dismiss pursuant to Rule 12(b)(5) and dismiss Plaintiff's case, in its entirety, with prejudice.

Dated:  September 1, 2022

<div style="margin-left:40%">

**GORDON REES SCULLY MANSUKHANI, LLP**

*/s/ Craig A. Jacobson*
Craig A. Jacobson
John M. Buscemi
Gordon Rees Scully Mansukhani LLP
One North Franklin, Suite 800
Chicago, IL 60606
Telephone: (312) 980-6784
Facsimile: (312) 565-6511
craig.jacobson@grsm.com
jbuscemi@grsm.com

*Attorneys for Defendant,*
*MemberSelect Insurance Company*

</div>

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF e-Filing System, which will automatically send an e-mail notification of such filing to all attorneys of record.

Dated:  September 1, 2022

GORDON REES SCULLY MANSUKHANI, LLP

*/s/ Craig A. Jacobson*
Craig A. Jacobson
Gordon Rees Scully Mansukhani LLP
One North Franklin, Suite 800
Chicago, IL 60606
Telephone: (312) 980-6784
Facsimile: (312) 565-6511
craig.jacobson@grsm.com

*Attorneys for Defendant,*
*MemberSelect Insurance Company*