IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT STREIT, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 22 C 4531 |
| AAA INSURANCE MEMBER SELECT INSURANCE CO., | ) ) ) ) |
| Defendant. | ) ) |

### MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

On October 12, 2018, Robert Streit filed suit in state court against AAA Insurance Member Select Insurance Company. Mr. Streit alleged in his complaint that in July 2017, a tree fell on the roof of his home, causing damage. He made a claim to AAA, which had issued him a homeowner's insurance policy, but AAA did not pay the claim.

Mr. Streit did not cause AAA to be served with summons and the complaint then or anytime soon. The next action taken in the lawsuit was a motion he filed on July 2021—nearly three years after he had filed the suit—seeking issuance of alias summons. The motion recited that he had filed the complaint in October 2018 and that "[t]he defendant was never served on this matter"; that's it. A judge granted the motion and set the case for a status hearing in September 2021. The court docket reflects, however, that the case was "stricken from the call" in September.

The next action was in June 2022—more than three and one-half years after the suit was filed. At that time, Mr. Streit sought and, shortly thereafter, obtained leave to amend his complaint. The amended complaint was filed on July 18, 2022. This was

five years after the loss and just a little short of four years after Mr. Streit had filed suit. The amended complaint included allegations that AAA had given Mr. Streit a claim number after he made his claim on the policy and had inspected the property but that AAA was delaying payment and had not identified any defenses to coverage.

AAA was served with process on July 29, 2022 and filed an appearance of counsel in state court in late August 2022. It removed the case to federal court on August 25, 2022 based on diversity jurisdiction. AAA then moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(5). On a motion of this sort, a court may consider affidavits and other documentary evidence. *See, e.g., Paulsen v. Abbott Labs*, No. 15 C 4144, 2018 WL 1508532, at *5 (N.D. Ill. Mar. 27, 2018).

AAA's motion relies on Illinois Supreme Court Rule 103(b), which states:

> If the plaintiff fails to exercise reasonable diligence to obtain service on a defendant prior to the expiration of the applicable statute of limitations, the action as to that defendant may be dismissed without prejudice. If the failure to exercise reasonable diligence to obtain service on a defendant occurs after the expiration of the applicable statute of limitations, the dismissal shall be with prejudice . . . . In considering the exercise of reasonable diligence, the court shall review the totality of the circumstances . . . .

Ill. S. Ct. R. 103(b). Rule 103(b) applies to pre-removal conduct in an action removed to federal court. *See Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 (7th Cir. 2001).

Before considering the issue of reasonable diligence, the Court addresses what "the applicable statute of limitations" is for purposes of Rule 103(b) and when it started to run. First of all, this is a breach of contract case, so the limitations period started to run upon the date of the alleged breach by AAA. As best as the Court can tell, this was either in January 2018 (when AAA reaffirmed a partial denial of coverage after considering Mr. Streit's internal appeal) or in October 2017 (when AAA issued its

2

original partial denial).

The second question—what is "the applicable statute of limitations"—is the more important one for present purposes. AAA says that the applicable statute of limitations is the one-year period contained in the insurance policy, which reads:

**Suit Against Us**

**We** may not be sued unless there is full compliance with all the terms of this policy. Suit must be brought within one year after the loss or damage occurs.

However, this one year period is extended by the number of days between the day proof of law is submitted and the date the claim is denied in whole or in part.

Def.'s Ex. 1-A, p. 19 of 43. Mr. Streit argues that the applicable statute of limitations is the five-year period under Illinois statute for lawsuits regarding property damage, 735 ILCS 5/13-205.

A Supreme Court Rule, like a statute, is typically construed according to its plain language, and if that language is unambiguous, it is applied as written. *See, e.g., People v. Taylor*, 388 Ill. App. 3d 169, 180, 902 N.E.2d 751, 760 (2009). In the Court's view, the term "statute" in Rule 103(b) means just what it says. The contractual provision cited by AAA is not a statute; it's a contractual provision. Thus "the applicable statute of limitations" here is the five-year period cited by Mr. Streit.

The authority cited by AAA to the contrary is not persuasive. That case is *Curtis v. Pekin Insurance Co.*, 105 Ill. App. 3d 561, 434 N.E.2d 555 (1982), which like this case concerned Rule 103(b). The plaintiff there argued that the one-year limitations period in a fire insurance policy was contractual, not statutory. The appellate court disagreed, but it did so based on an Illinois Department of Insurance rule requiring all fire insurance policies to have a one-year limitations period. *Id.* at 563, 434 N.E.3d at 557. For this reason, the court concluded, the contractual limitations period was

effectively a statutory period. *Id.* Whatever the validity of the reasoning in *Curtis*, AAA has made no effort to show that it applies here. The "applicable statute of limitations" under Rule 103(b) is the statutory five-year period, not the contractual one-year period.[1]

Next is the question of reasonable diligence. There is no question that Mr. Streit—actually, his counsel—failed to exercise reasonable diligence in obtaining service on AAA. In the response to the motion to dismiss, Mr. Streit's counsel made a general reference to "constant communication between the claims representative and Plaintiff's counsel" that "indicated that Defendant was to reconsider the partial denial of the claim." Pl.'s Resp. to Mot. to Dismiss at 2. But that's all that was said; counsel made no effort to elaborate or explain. The Court set the case for argument and prompted the parties, in advance, that it wanted to hear more detail on this point. Even then, however, Mr. Streit's counsel provided only limited information: he referred to communications with an adjustor that he seemed to indicate took place within six to seven months after the lawsuit was filed—in other words, in late 2018 to early 2019— and then further discussions with a different adjustor over two years later, in May 2021. Given this scanty record, the Court cannot say that plaintiff "exercised reasonable diligence" to obtain service at any time after the lawsuit was filed, and certainly not after the initial discussions in late 2018-early 2019 did not lead to a change of heart on AAA's part. There was nothing approaching diligence until Mr. Streit's counsel actually obtained summons in July 2022 and served it.

Nor does Mr. Streit's claim of estoppel based on the discussions with the insurer

---

[1] The Court does not intend by this to suggest that AAA or other insurers can't appropriately shorten, by contract, the period for filing suit. Rather, the Court rules only that the applicable statute of limitations for purposes of Supreme Court Rule 103(b) is the statutory limitations period, not any shorter contractual limit on the filing of suit.

4

hold any water. Though the Court agrees that Mr. Streit was not required to allege estoppel in his complaint—a plaintiff is not required to anticipate and "plead around" potential defenses—estoppel typically requires a misrepresentation or concealment of material facts. *See, e.g., Sweis v. Founders Ins. Co.*, 2017 IL App (1st) 163157, ¶ 51, 98 N.E.3d 485, 499. Mr. Streit has cited nothing of the kind.

For these reasons, the Court grants AAA's motion to dismiss, but the dismissal is *without* prejudice, because the lack of due diligence occurred within, not outside, the applicable "statute" of limitations. The Court notes that a dismissal without prejudice does not toll the statute of limitations, in other words, a suit dismissed without prejudice is treated for limitations purposes as if it had never been filed. *See, e.g., Lee v. Cook County*, 635 F.3d 969, 971-72 (7th Cir. 2011). For this reason, counsel would be well-advised to refile the lawsuit in this Court immediately, should designate it on the Civil Cover Sheet as a "refiling" of the present dismissed case, and should serve summons promptly.

## Conclusion

For the reasons stated above, the Court grants defendant's motion to dismiss to the following extent. The Clerk is directed to enter judgment dismissing the case without prejudice.

Date: November 10, 2022

                                                                                                            MATTHEW F. KENNELLY
                                                                                                             United States District Judge